*D. M. Rodman, for appellant.*

———, *for appellee.*

---

## NASHVILLE & CHATTANOOGA RAILROAD CO. v. DANIEL MURPHY.

**Trespass—Evasive Answer.**

    In an action for injury to real estate, an answer which does not controvert plaintiff's ownership or possession of the land, but alleges want of knowledge or information as to whether plaintiff was the owner of the legal title and in actual possession of the land, is evasive and insufficient.

**Damages—Permanent Injury to Land.**

    In order to entitle one to recovery for permanent injury to land, it is not necessary that he should hold the legal title, but he has a

right of action if he was the owner of the property and in possession of it.

### Pleading—Immaterial Issues.

Immaterial issues should not be raised by the pleadings, but if raised they should be disregarded by the court.

### Eminent Domain—Compensation.

Private property can not be taken for a public use until just compensation has first been made.

### Estoppel—Claim for Damages to Land.

That plaintiff in an action for damages to his real estate worked for the defendant railroad company when the alleged trespass was committed, does not estop plaintiff from asserting his claim for the damages.

APPEAL FROM FULTON CIRCUIT COURT.

December 20, 1872.

OPINION BY JUDGE LINDSAY:

This was an action to recover damages for trespass to real property. To authorize a recovery for the permanent injury resulting from the car structure of the railway across the lot of land it was not necessary that appellee should hold the legal title. If he was the owner of the property in question, and in the possession of it, his right of action was perfect. Appellant's answer does not controvert his ownership nor his actual possession of the lot, but avers want of knowledge or information as to whether on the day named in the petition, "He was the owner of the *legal title,* and also in the actual possession and enjoyment of *all the privileges of owners* of a certain city lot, etc.," following the exact language used in the petition.

The evasive character of such a plea is palpable. It may be that appellee did not hold the legal title to the lot, and yet have been the equitable owner of it. He may not have been in the actual possession of each and every privilege connected with the lot, and yet have resided upon it, and had the actual control of that portion over which the railway was constructed. Yet the plea is so framed that if any statement in the petition, however immaterial, is not true, appellant could truthfully verify its answer. The law requires the denial of the material allegations of the petition. Im-

material issues ought not to be raised by the pleadings, and if raised must be disregarded by the court. The answer in question when properly construed, does not deny Murphy's ownership nor possession, but denies that he owned and possessed the lot in the exact manner stated in the petition. The only issue raised by the answer is as to the damages claimed to have been sustained by reason of the alleged trespass.

. The attempted denial of the entry upon the lot, and the construction of the railway is liable to the same objection as that with regard to the title and possession.

The railway company can not claim exemption from liability by reason of the provisions of the 24th section of the "Act to incorporate the Nashville & Northwestern Railroad Company." In this state private property can not be taken for the public use, until just compensation has been first made. The legislature can not authorize a railway corporation to enter upon and appropriate the lands of a private citizen, and compel him to resort to the courts to secure compensation. If lands are needed the company must upon its own motion procure their condemnation (when they can not be obtained by purchase or donation), and pay or secure to be paid to the owner the amount assessed before entering upon the possession. Even the political corporations of the state have never claimed the right to actually appropriate property until compensation has been secured to the owner. 4 Littel 328, 6 Monroe 498, 1 Dana 247.

If the section of the act in question is susceptible of the construction insisted upon by appellant it is certainly. repugnant to the state construction and is therefore void.

The bill of exceptions does not contain the instructions refused by the court, nor are they in any way made a part of the record. The statement of the clerk that the papers copied are such instructions is not sufficient to authorize this court to consider them. *McDowell & Co. v. Bennett, 7* Bush 474.

In view of the fact that the answer did not put in issue the questions of title and possession, instructions A and B, instead of being prejudicial to, were calculated to promote the interest of appellant, as they rendered it possible for the jury to find against appellee upon matters which should have been taken as confessed.

The fact that Murphy worked for appellant as a laborer, when

the extension of the railway was made, does not stop him from asserting this claim for damages.

Perceiving no error in the action of the circuit court prejudicial to appellant, the judgment is *affirmed.*

*Kingman, for appellants.*

*H. A. Tyler, for appellee.*