## JUDITH SALE, ETC., *v.* R. H. SNYDER.

**Executors and Administrators—Sale of Land—Bond by Administrator.**

An administrator was held to be the proper custodian of money due his intestate's estate, and where by agreement between the widow, a life tenant, and the remainderman, the land was sold, it was the duty of the administrator to tender the widow a bond with good security, and to receive and hold the portion of the money due the estate.

APPEAL FROM LOUISVILLE CHANCERY COURT.

March 31, 1873.

OPINION BY JUDGE LINDSAY:

It is sufficiently proved that the sale of land to Mrs. Woolford was made under an agreement between the parties in interest. That each of the four remaindermen (including B. A. Wilhoit) was to take one-fourth of the purchase money paid upon the execution to Mrs. Sale of bonds, with approved security, securing to her during life the payment of six per cent. interest on their respective shares as it should annually accrue. It does not matter that B. A. Wilhoit did not sign the writing setting out this contract. By reason of his

failure to sign, it never became operative, but still the contract existed, and is established by oral evidence.

R. A. Snyder, as administrator of B. A. Wilhoit, succeeds to all his rights. It was his duty to tender Mrs. Sale a bond, with good security, and to receive and hold that portion of the money due to his intestate. It is not material that he can not be compelled to disburse it in the payment of his intestate's debts until after Mrs. Sale's death even if such be the fact; he is the proper custodian of the fund.

The contract of loan between Mrs. Sale and James Wilhoit presents no obstacle to appellee's recovery. Mrs. Woolford does not complain that the wife of B. A. Wilhoit, deceased, has not relinquished her right to dower in the land. She as yet has asserted no such right, and appellants do not show that they have reason to apprehend danger on account of their warranty of title.

Mrs. Sale's amended petition was not filed and is not a part of the record. *McDowell, etc., v. Bennet,* 7 Bush 474.

James Wilhoit purchased the note on B. A. Wilhoit's estate after his death. He can not assert this claim in this suit, and secure its payment in full. He charges that the estate is insolvent; such being the case, he must pro rate with the other creditors. We forbear to express an opinion as to appellee's rights under the alleged assignment by the intestate to him of their claims. This question can be more properly determined in a contest with the heirs and creditors of B. A. Wilhoit, deceased.

Judgment *affirmed.*

———, *for appellants.*

———, *for appellee.*