CHARLES A. DIMMIT *v*. CHARLES M. FLEMING, ET AL.

**Bill of Exceptions—Partition—No Report Made.**
    Where a pleading is rejected and the pleader fails to make such pleading part of the record by bill of exceptions or otherwise, no question is presented to the court.

**Partition—No Report—Abandonment.**
    Where a partition suit is brought and commissioners appointed to partition land, and no report is made by them for eight years, and the owners did not take possession of lands said to have been given them therein, but treated the land as undivided and bought and sold interests therein as undivided, such partition is held to have been abandoned, and a new partition may be had.

APPEAL FROM MASON CIRCUIT COURT.

September 25, 1874.

OPINION BY JUDGE LINDSAY:

The court rejected the answer of appellant, and he failed to make the rejected paper part of the record, by bill of exceptions or otherwise. We cannot, therefore, act upon the assumption that the paper copied in the record is the answer offered to be filed. Hence a discussion of this branch of the case is needless. *Young, McDowell & Co. v. Bennett, et al.,* 7 Bush 474. We can perceive no good purpose that would have been accomplished by consolidating this with the action of *Robert P. Dimmit v. Charles E. Dimmit, et al.* The effect of this proceeding is merely to carry into execution the judgment for partition rendered in the old suit of *Dimmit v. Dimmit.* It is true the details of the last judgment are not exactly in accordance, but the changes were rendered proper, and possibly necessary, by changes in the situation and circumstances of those owning interests in the land. It is manifest that the partition made by the commissioners under the first judgment could not have been perfected. It was made in 1858, nine years before the institution of this action. The report of the commissioners was never filed in court. The paper itself is lost. There are no marks or traces left of the boundaries established in 1858, if indeed any were established; and the surviving commissioners swear that, at this late day, to divide the land so as to even approximate the partition then made, would not be sanctioned by the confirmation of the court. It was not accepted or acted upon by the parties in interest. It is not in proof that any of them entered upon and enclosed, or in any way possessed himself or herself of the identical parcel to which he or she would have been entitled under it. Appellant certainly did not approve or ratify the partition. He has purchased several of the interests of his brothers and sisters, and in each and every instance has accepted conveyances in which the estate purchased is described as an undivided interest, and all these purchases have been made subject to the attempted partition. It is a well established fact that the old suit, and all the proceedings under it, were long since abandoned by all the parties in interest, and hence its consolidation with these actions would have tended to protract the litigation. The testimony as to the fairness and equality of the last partition is conflicting, but upon a careful analysis it seems to us that it preponderates in favor of the commissioners' action, and we do not feel authorized to disturb the judgment of the court merely because the different parcels were not located to suit each of the parties in interest. It is notorious

that this cannot often be done, and in this case the substantial rights of appellant have not been disregarded. There is no sufficient proof of a secret understanding between Pearce and Mrs. Poytz as to who is to be the ultimate owner of some of the parcels allotted to Mrs. Poytz; but if there were, we do not see that it would affect the equality of the allotment. The failure of one of the commissioners to be sworn was more than compensated by the opportunity afforded appellant to cross-examine him, when put upon the witness stand.

Judgment *affirmed*.

*H. Taylor, Thomas J. Throop, for appellant.*
*E. C. Phister, for appellees.*