Perry v. Cunningham.

## PERRY VS. CUNNINGHAM.

1. ADMINISTRATOR : *Personally liable on his acceptance.*
The acceptance by an administrator of an order drawn on him by a creditor of the estate renders him personally liable for the amount of the order, though the acceptance be conditional, to pay "as soon as accruing rents of the estate will permit," and an order in the Probate Court, upon the application of the holder, directing him to pay the debt out of the assets of the estate will not bar a personal action against him; but no action will accrue until the rents are received.

2. STATUTE OF LIMITATIONS : *On conditional promise.*
The statute of limitations does not commence to run upon a promise to pay upon a future contingency until the contingency happens.

3. PRACTICE IN SUPREME COURT : *Bill of exceptions containing no evidence.*
When the bill of exceptions contains no evidence, the Supreme Court will presume that there was evidence sufficient to justify the verdict of the jury and the instructions of the Court.

APPEAL from *Yell* Circuit Court.

*W. N. May*, for appellant.

The statute of limitation commenced to run from the date of acceptance, and five years having elapsed, the suit was barred.—5 *Ark.*, 536; *Gantt's Digest, Sec.* 4125; 1 *Stanton, Ky. Digest, p.* 146, *No.* 74.

Appellant was not individually liable—he accepted it in his representative capacity, payable out of the rents of the estate.—1 *Parsons on Contracts, p.* 128; 2 *Ib., p.* 498, *note q; Story on Prom. Notes, p.* 65, *Sec.* 63.

The draft was accepted to be paid as early as the rents of the estate would permit, etc., and no proof was offered, nor was it charged that appellant had collected rents sufficient to pay it.

Appellees had recovered judgment in the Probate Court on the same claim. This was clearly a "former recovery," and the Court should so have instructed the jury.

*G. S. Cunningham* for appellees.

The acceptance did not bind the estate, 34 *Ark.*, 204, and having no power to bind the estate the administrator bound himself.—7 *Am. Decisions*, 381; 6 *Mass.* 58; 111 *Ib.* 266; 17 *Am. Dec.*, 266, 221; 3 *Ark.* 478; 4 *Id.* 92. Contracts with administrator though dealing with assets, his contracts.—*Bliss on Code Plead., Sec's.* 49, 53; 36 *Ark.*, 292.

No evidence being set out in bill of exceptions, the presumption is in favor of the judgment below.—7 *Ark.*, 408, 331; 15 *Id.* 118.

### STATEMENT.

On the 6th of November, 1880, A. C. and George S. Cunningham sued James K. Perry in the Yell Circuit Court, as acceptor of the following order, to wit:

*James K. Perry, as executor of the estate of W. H. Dawson:*

Please pay Joseph H. Wilson six hundred and nineteen dollars and sixty-five cents, and this shall be my receipt in full of my claim against said estate as per balance due me in my final account current, to be filed July, 1875. This May 3, 1875.                                        C. R. WILSON.

Accepted: To be paid as early as rents of said estate's lands will permit.                              JAMES K. PERRY,
            *Adm'r. de bonis non, with will annexed.*
May 3, 1875.

By successive endorsements the order became transferred to plaintiffs on the 3d of January, 1878.

The plaintiffs' complaint contained two paragraphs—the first against the defendant personally, the second against him as administrator of Dawson's estate. Neither paragraph alleged that any rents had ever been collected.

The defendant filed a motion to compel the plaintiffs to elect on which paragraph they would prosecute the action,

The plaintiffs conceeded the motion, and elected the first paragraph. The verdict was for the plaintiffs. The defendant filed a motion for a new trial, which being overruled, he filed his bill of exceptions, containing the instructions of the Court and the motion for new trial, but none of the evidence.

### OPINION.

EAKIN, J. The acceptance by the administrator raised a personal obligation according to its terms. Such a conditional acceptance did not make the instrument commercial paper, but it was nevertheless assignable under the statutes. It was, in effect, as if the acceptor by an original instrument had promised to pay the drawer the sum mentioned out of certain rents when they should come into his hands. Such an instrument would have been assignable—vesting right of action in the assignee, even before the civil code, certainly after.—*Owen v. Lavine*, 14 *Ark.*, 389.

*1. ADMINISTRATOR: Personally liable on his acceptance.*

And it created a personal obligation only. Perry, as administrator, "*cum testamento*," of Dawson's estate had no right to bind *it* by any note or written obligation. If such are executed, as they may be for convenience, they still remain the personal obligations of the representative. The Probate Court may, in all proper cases, allow them as expenses of administration, not as classified claims against the estate.—*Yarborough v. Ward*, 34 *Ark.*, 204.

It was not then a case of election. The plaintiffs could not treat it as a claim against the estate in any view. It seems that the drawer had formerly been the representative of the estate, and had claims against it which were subsequently allowed for expenses of administration; and that this instrument was drawn by him upon defendant as administrator *de bonis non cum testamento annexo* for a portion of the amount. The plaintiffs had petitioned the Probate Court for an order that the amount, so allowed, should be paid to

them; and the Probate Court had recognized them as entitled to it; and made upon the defendant as administrator, *de bonis, &c.,* a general order for payment of expenses of administration, and allowances in their order. At least this would appear if we could, without a bill of exceptions incorporating it, look into the exhibit attached to the answer. But if this were all true, it is obvious that it would not relieve defendant of a personal obligation to do the very thing ordered to be done, until he had done it. If money sufficient came into his hands from rents, an obligation binding him in person was created. This would have been absolved by payment or lease. Certainly not by an order of the Probate Court upon him to do the same thing in the course of his duty; if there had been such order.

2. STATUTE LIMITATION: On Conditional promises.
The defect in the complaint is, that it seems to treat the acceptance as positive; and in that view the plea of the statute of limitation would be good. But in truth, as appears from the face of it, the acceptance was conditional and no right to sue upon it accrued before the rents came in hand. The complaint does not definitely show that any did; or that there ever was cause of action; but does show that defendant promised to pay "as early as the rents of the estate of W. H. Dawson, deceased, would permit;" and alleges that defendant has not paid said sum of money, "although said period has long since elapsed." There was no demurrer to this complaint, nor motion to make it more definite. The bill of exceptions does not set forth the evidence, and we must presume that enough was shown to satisfy the jury that the conditions of defendant's liability in this regard had attached.

3. Bill of exceptions containing no evidence.
The bill of exceptions sets forth no evidence, and we can notice no grounds for a motion for a new trial, the determination of which might depend on evidence. The instructions given and refused, although perhaps not in all respects

literally correct, fairly presented the law as above declared, and we think there is no material error for which there should be a reversal.

Affirmed.