CASE VS HALL.

Opinion delivered June 7, 1898.

1.  *Lands in Cherokee Nation—Non-Citizen Cannot Acquire Title by Purchase.*

    A non-citizen of the Cherokee Nation cannot acquire title, by purchase, to lands therein and can legally occupy same only with the consent of some citizen of said nation.

2.  *Detention of Property—Measure of Damages.*

    In an action for unlawfully holding possession of lands, the measure of damages is the rental value of the premises, but if the land is suitable only for wheat and the detention has prevented the plaintiff from putting in a crop of wheat, and thereby impaired the rental value for the current year, that may be considered in assessing the damages.

3.  *Instructions—Presumption as to Evidence to Support.*

    If the record does not contain the evidence it will be presumed there was evidence introduced sufficient to sustain the instruction of the court.

*4. Verdict—Immaterial Defects will not Overthrow.*

Immaterial defects or unimportant inaccuracies will not prevail to overthrow a verdict.

Appeal from the United States Court for the Northern District.

WM. M. SPRINGER, Judge.

Action of unlawful detainer by Ben Hall against Geo. W. Case. Judgment for plaintiff. Defendant appeals. Affirmed.

This is an action of unlawful detainer, commenced by the appellee, the plaintiff below, against the appellant, the defendant below, on the 20th day of April, 1896, to recover a tract of 135 acres of land, situated in the northwest corner of a 600-acre tract of land described in the complaint, and a 45-acre tract situated in the southern part of said 600-acre tract, and a 2-room log house, situated in the northern part of said 600-acre tract. The plaintiff alleges that on March 14, 1894, the defendant entered into the premises described under a written rental contract to hold the same for a term of five years, at an annual rental of $200 per year; that he paid the rent for the years 1894 and 1895; that the rent for 1894 was paid on the execution of contract, and the rent was due on March 1st of each year, in advance; that on March 1, 1896, defendant refused to pay the rent, and claimed to be the owner of the property, wherefore plaintiff made written demand for possession, and brought suit to recover the premises, and damages for unlawful detention. Defendant denies that he entered into the possession of the premises under the written contract set out by plaintiff; denies he paid rent under said contract; denies that he is unlawfully holding said premises; denies the plaintiff is the owner of the premises and entitled to possession of the same. The

case was tried before a jury on March 17, 1897, and verdict rendered for plaintiff for possession of premises and for $300 as damages for their unlawful detention ; the defendant having given bond under the statute, and retained possession of the premises. Defendant moved for a new trial, which motion was overruled by the court, and thereupon defendant appealed to this court.

*W. H. Kornegay*, for appellant.

*Preston S. Davis*, for appellee.

TOWNSEND, J. The appellant has filed five specifications of error, as follows: (1) Error committed by the court in giving instruction No. 1 asked for by plaintiff ; (2) error in giving instruction No. 3 ; (3) error in refusing instruction No. 2 asked for by defendant ; (4) error in overruling defendant's motion for a new trial ; (5) error in rendering judgment on the verdict.

Instruction No. 1, of which appellant complains, is as follows, to-wit : "This suit was instituted by the plaintiff to recover from the defendant the premises described in his complaint, and damages for withholding the same from the 1st day of March, 1896, to the present time. The plaintiff alleges that the defendant entered the premises under a rental contract by the terms of which he was to pay $200 a year, and that he failed and refused to pay rent for said premises when it became due ; that he made lawful demand in writing of the defendant for the possession of the premises, but that the defendant refused to surrender the same and is now detaining them unlawfully. The defendant alleges that he purchased the premises absolutely from the plaintiff, and denies that he ever rented the same from the plaintiff. Wherefore, the court instructs you that the defendant, not being a citizen of

the Cherokee Nation, could not acquire any title by purchase to the premises in controversy, nor could he legally occupy said premises except with the consent or acquiescence of some citizen of the Cherokee Nation. You are further instructed that if the defendant went into the possession of said premises under a contract for the payment of the use of them, and that he refused to pay the rent therefor when due, and that the plaintiff thereafter made demand in writing for the surrender of the possession of the said premises, you will find your verdict as to the right to the possession of the premises in favor of the plaintiff. You are further instructed that if you find that the plaintiff is entitled to the possession of the premises, you will also assess his damages for their detention. The measure of the damages is the rental value of the premises; but if you further believe from the evidence that said land is mainly or only suitable for the raising of wheat, and the unlawful detention of it has prevented plaintiff from putting in a wheat crop, and thereby impaired its rental value for the present year, you may take that into consideration in assessing the damages for withholding said premises up to the present time." The part of said instruction first complained of as set out in appellant's brief is as follows, to wit: "This suit was instituted by plaintiff to recover of defendant the possession of the premises described in his complaint, and damages for withholding the same from March 1, 1896, to the present time;" and he claims this did not correctly describe the issues between the parties. Considering the whole instruction, we think it fairly stated the issues. It sets out that, if the jury find that defendant entered under a rental contract to pay $200 per year rent, that he had refused to pay the rent when due, that a written demand had been made upon him for the possession of the premises, and that he had refused to surrender possession of the same, they should find for plaintiff for possession of the premises and damages for the unlawful

detention.   The second part of said instruction complained
of is as follows, to wit:   " The court instructs you that the
defendant, not being a citizen of the Cherokee Nation, could
not acquire any title by purchase to the premises in con-
troversy, nor could he legally occupy said premises,  except
with the consent and acquiescence of  some citizen of the
Cherokee Nation."   This is a very proper statement of  the
law obtaining  in the Cherokee Nation; and under the claim
sought to be made an issue by the defendant, that  he  was  a
purchaser, when the evidence showed he  was  a  noncitizen,
was  properly  given  by  the  court  to the jury.   The third
part of said instruction complained of is as follows,  to wit :
"The measure of damages is the rental value of the premises,
but if you further believe from the evidence that said land is
mainly or only suitable for the raising of wheat and the unlaw-
ful detention of it has prevented the plaintiff from putting in
a wheat crop, and thereby impaired its rental  value  for  the
present year, you may take that into consideration in assess-
ing the damages for withholding  said  premises  up  to  the
present time."   The case was tried March 17, 1897, and the
evidence showed that wheat had to be sown in the fall of the
year, but by reason of the failure of  the  defendant  to  sow
wheat  in  the  fall of 1896, the only crop that could be gath-
ered for 1897 was a crop of  weeds,  and  the  jury  very  pro-
perly, in finding as they did for the plaintiff, fixed the dam-
age at $300, the annual rental being $200 under the terms of
the rental contract.    The instruction and  verdict  are  fully
authorized by section 3362 of Mansfield's  Digest.

The second specification of error is for giving instruc-
tion No. 3, which is as follows, to-wit:   "You  are further
instructed that if you believe from the evidence in this  case
that the price to be paid for the rent of the premises actually
used and occupied by the defendant was not fixed and deter-
mined in the contract itself, then you  will  assess  his  dam-

Non-citizen
cannot
acquire title.

Measure of
damages.

ages at the rental value of the premises for the whole time you find from the evidence they have been occupied by the defendant up to this time, and credit him with the amount he has actually paid for the use and occupation of the same." The appellant insists this instruction is not applicable to the facts, and that damages could only be recovered from the time demand was made for the possession of the premises; but the record does not disclose the date of the demand, and as the evidence shows that the rent for the years ending March 1, 1894 and 1895, was paid, it will be presumed that the demand was made in time to sustain the verdict. "When the bill of exceptions contains no evidence, the Supreme Court will consider that there was evidence sufficient to justify the verdict of the jury and the instructions of the court." Perry vs Cunningham, 40 Ark. 185.

*Instructions. Presumption to sustain.*

The third specification of error complained of is for refusing instruction No. 2, asked for by defendant, which is as follows, to wit: "If you find that at the time the alleged rental contract sued upon was made the plaintiff, Hall, had previously sold and delivered the premises sued for to defendant, Case, and that at the time such sale was made the defendant made a payment to plaintiff, and entered the possession of the premises sued for as purchaser, and remained in the possession thereof as purchaser, until the filing of the plaintiff's complaint, you must find for the defendant." This is the same error alleged in appellant's second objection to instruction No. 1. The evidence showing that the appellant was a noncitizen, the court properly refused to submit an instruction embracing a proposition which would be in violation of the law.

The fourth and fifth specifications of error are not well taken, in our judgment. The verdict of the jury is as follows: "We, the jury, find the issue for the plaintiff, and assess his damages in being kept out of possession of the

premises at three hundred dollars, and possession of entire farm in ten days from date.   W. W. Miller, Foreman." The judgment upon the verdict is as follows, to wit:    "That the plaintiff, Ben Hall, be restored forthwith to the full possession and control of his entire farm situated on the Verdigris river, as described and. bounded in the complaint in this action," etc.

Verdict.
Sufficiency.

The appellant objects to the form of the verdict, and says it should have been "guilty" or "not guilty." Immaterial defects or unimportant inaccuracies will not prevail to overthrow a verdict, either general or special; on the contrary, if the verdict is so full and intelligible as to support a judgment, it will be upheld.   *   *   *   If the verdict is sufficiently certain as against the party who assumes to complain, his complaint will not be heeded."   Elliott, App. Proc. p. 292, § 342, and cases cited.

Appellant objects that because the complaint alleges that plaintiff sues for two certain parts of a 600-acre farm, which parts he alleges the defendant unlawfully detains, the verdict covers the whole 600 acres.   The verdict does not say so, and the judgment of the court upon the verdict is for the premises "as described and bounded in the complaint in this action," etc.   We think the verdict follows the pleadings, and the judgment follows the verdict.   We deem it unnecessary to consider the motion to dismiss the appeal, filed with the record in this case.   The judgment below is affirmed.

CLAYTON and THOMAS, JJ., concur.