CASE 56—ACTION ON NOTE—JANUARY 26,

# Rudd, Etc. v. Deposit Bank of Owensboro.
## Same v. Same.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. USURY—PLEADING.—Where plaintiff, in response to defendant's motion that the petition be made more definite and specific so as to show dates and amounts of notes and renewals of same and amounts of payments in order to purge said notes of usury, has filed an amended petition giving such information in detail, an answer on information and belief denying the correctness of said amended petition but not traversing any of the substantive averments, is not good.

2. JUDGMENT—AGAINST ONE AS AGENT. A judgment against one as agent for an estate is not a judgment against the individual named, but is collectible only by an execution to be levied of assets in his hands as agent.

3. BILLS AND NOTES—PLEADING—PROMISE.—An averment that a bill of exchange before its maturity "was sold, discounted and endorsed to the plaintiff" by the indorser, in connection with an averment of a promise to pay by the acceptor, is a sufficient averment of a promise by the indorser.

4. CORPORATIONS—PLEADING—AVERMENT OF ACT OF INCORPORATION.— The failure of the petition to allege the plaintiff's charter as required by sub-section 2 of sec. 119 of the Civil Code is not ground for general demurrer.

5. BILLS AND NOTES—NOTICE OF PROTEST—DESCRIPTION OF BILLS. A notice of protest of a bill of exchange is sufficient if on the whole it so designates or distinguishes the paper as to leave no reasonable doubt in the mind of the party notified what paper was intended.

WALKER & SLACK FOR APPELLANTS.   (CHAPEZE WATHEN ALSO ON THE BRIEF.)

1. The judgment against Slack is an individual one. This was erroneous. Fultz v. Fox, 9 B. M., 502; Beaumont v. Miller, 1 Met.,

Rudd, &c., v. Deposit Bank of Owensboro.

71; Graham v. Samuel, 1 Dana, 166; Rogers v. Bradford, 8 Bush, 165; Horton v. Garrison (Texas), 20 S. W., 773.

2. As against W. M. Rudd, J. C. Rudd and John Murphy, the petition is defective in failing to aver a promise to pay. Huffaker, &c., v. National Bank of Monticello, 12 Bush, 287; Chitty on Pleading, 301-2; Same, p. 363 and vol. 2, p. 388.

3. The petition fails to state plaintiff's act of incorporation. Zable v. Louisville Baptist Orphans' Home, 92 Ky., 91; Civil Code, sec. 119, sub-sec. 2.

4. Slack's answer to the amended petition was good. The amount of usury was not within his knowledge; and on same the action should have been transferred to equity. Ky. Stat., sec. 2219, sub-sec. 1; Lawless v. Blakey's Admr., 4 Mon., 488; Crutcher v. Trabue, 5 Dana, 85; Lucking's Admr. v. Gegg, 12 Bush, 301; Hill v. Cornwall & Bro's. Assignee, 95 Ky., 536; Hart v. Hayden, 79 Ky., 349.

5. The notice of protest was not good. 2 Daniel on Neg. Instr. (4th ed.), secs. 974, 975, 976, 977; Ky. Stat., sec. 3725; 3 Randolph on Com. Paper, secs. 1077, 1174, 1726; 19 Am. & Eng. Enc. of Law, 293.

6. Plaintiff occupied the attitude of an assignee and could recover only the consideration paid. Ky. Stat., sec. 475.

WEIR & WEIR FOR THE APPELLEE.

1. The notice was sufficient. Daniel on Neg. Instr., vol. 2, sec. 973.
2. Slack's answer was not good. Wing v. Dugan, 8 Bush, 585; Barrett v. Godshaw, 12 Bush, 598; Douglas v. Cline, 12 Bush, 613.

SWEENEY, ELLIS & SWEENEY ON SAME SIDE.
    (Brief not in the record.)

WALKER & SLACK IN A PETITITION FOR A RE-HEARING.

Additional citations: Hays v. Citizens' Savings Bank, 40 S. W., 573; Citizens' Savings Bank v. Hays, 96 Ky., 367; 23 Am. & Eng. Enc. of Law, 288; 2. Am. & Eng. Enc. of Law, 409, note 11 and authorities cited, and 407, note 3; 2 Randolph on Com. Paper, secs. 760, 1219; 3 Randolph on Com. Paper, sec. 1204; 2 Daniel on Neg. Instr., secs. 972, 987, 988; Ky. Stat., sec. 3723.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

These two appeals involve the determination of the same points. They are from judgments rendered in suits

instituted by appellee to recover of William Rudd, as
drawer, John Murphy, as indorser, and R. W. Slack, agent
for the Rudd estate, as acceptor, certain bills of exchange,
which had been protested for nonpayment. The same
defenses were made in both suits by R. W. Slack, as agent
for the Rudd estate, and John Murphy. Slack, as agent
for the Rudd estate, answers as acceptor, and says that,
before he qualified as agent for that estate, the drawer,
William Rudd, was acting in that capacity, and was the ac-
ceptor of the bills when originally created; that when he
qualified as agent he simply renewed the bills theretofore
carried by plaintiff with his predecessor as agent; that each
of them evidenced the same debt, and that each was for
the use and benefit of the Rudd estate; that there was
usury embraced in all of them, and that the amount there-
in was known with absolute certainty to plaintiff, but that
he had no knowledge or information as to how much, and
he asked that plaintiff be required to state specifically
when each of the bills originated, the dates when they
were renewed, and the amount of interest paid at the date
of each renewal, and that the usury embraced therein be
eliminated. Thereupon plaintiff filed its amended petition,
setting out fully the history of the bills and the usury con-
tained in each, which was sworn to by the president of the
bank. Slack, as agent, filed answer to the amended peti-
tion, in which he pleads lack of knowledge or information
sufficient to form a belief as to whether the history given
by the bank of the bills and the usury contained therein
are correct, and averred that he believed that there was
more usury in the bills than was admitted by plaintiff, but
that he could not state how much. Plaintiff demurred to
the answer as amended, which was sustained, and judgment

was rendered against Slack, as agent of the Rudd estate. The defendant John Murphy filed a general demurrer to the petition, and he also filed an answer, in which he denies that he promised to pay either of the bills sued on, but alleges that he was a mere accommodation indorser thereon; that he did not know, or have information sufficient to form a belief, as to whether plaintiff presented the bills at maturity at the place where they were made payable, or demanded payment, or that payment was refused, or that the bills were, in fact, protested for nonpayment, except as furnished by the protest filed with the petition, and files as an exhibit with his answer the various notices received by him from the notary public, of which the following is a specimen: "Daviess County, City of Owensboro, February 6, 1896. Please take notice that a bill of exchange for $1, 000.00, drawn by W. M. Rudd on R. W. Slack, agent of the Rudd estate, in favor of John Murphy, or order, dated December 5, 1895, payable 60 days after date, at Owensboro, Ky., indorsed by John Murphy, was this day protested by the undersigned notary public for nonpayment. The holder thereof looks to you for payment. To John Murphy. Gus T. Brannon, Notary Public." The notice of protest on each of the bills is alike. The plaintiff filed demurrers to these answers as amended, which were sustained; and, the defendants declining to plead further, it was adjudged by the court "that the Deposit Bank of Owensboro, Ky., recover of the defendants Wm. Rudd, John Murphy, and R. W. Slack, agent of the Rudd estate, the amount of each acceptance, with interest; . . . ." and we are asked upon this appeal to reverse that judgment for a number of alleged errors:

First, because the judgment as rendered is against R. W. Slack, to the payment of which his individual property

may be subjected, and not against the Rudd estate, the real debtor. In response to this it may be said that the bills of exchange sued on were accepted by R. W. Slack as agent of the Rudd estate; that the suit was against him in the same capacity; and that the whole proceeding shows that it is not a claim for which R. W. Slack or his estate is personally liable, but one against the Rudd estate; and, if execution should issue on the judgment, it would go to be levied of assets in his hands as agent.

It is the next contention of appellants that the petition in neither case sufficiently avers an agreement or promise to pay. The petition alleges that R. W. Slack, agent of the Rudd estate, accepted in writing, and promised and agreed to pay, the bill in question, and that before the maturity thereof it was sold, discounted, and indorsed to the plaintiff by John Murphy, in the usual course of busi- ness. It avers an express promise to pay by Slack, and the allegation "that it was sold, discounted, and indorsed to the plaintiff by Murphy" amounts to an averment that he signed and delivered the bill.

The third ground relied on is that the petition does not state facts sufficient to support a cause of action, and that it fails to refer to the act of plaintiff's incorporation, as required by subsection 2 of section 119 of the Civil Code. This defense is not made or relied on in the answer of either of the defendants, and the question can not be raised by general demurrer.

It is also insisted by appellants that the court erred in sustaining a demurrer to their answers to plaintiff's amend- ed petition. We can not concur in this contention. By their original answer, the appellants allege that the plain- tiff had exact information as to the amount of usury con- tained in the obligation sued on, and asked that it be re-

quired to state the time when the bills originated, the date of each renewal, and the amount of interest paid thereon. The amended petition furnished specifically the information called for, and the defendants can not be permitted to say that they have not sufficient knowledge or information to form a belief as to whether the information given is true or not. If the defendants desired to challenge the correctness of the bank's statement as to the history of the obligations sued on, or as to the amount of usury contained therein, they should do so specifically, as the amended petition furnished sufficient information to enable them to ascertain definitely the amount of such usury. The demurrer was properly sustained.

The last ground of complaint relied on by appellant Murphy is that the notice of protest was not sufficiently definite to identify the note protested. It is not necessary for a notice to give all the essential parts of the paper dishonored, or to describe it in every respect accurately. The rule, stated generally, may be said to be that "a notice is sufficient if, on the whole, it so designates or distinguishes the paper as to leave no reasonable doubt in the mind of the party notified what paper was intended." See 4 Am. & Eng. Enc. Law, 417, and authorities there cited. The requirements of the law are considered as satisfied by any description which, under all the circumstances of the case, so designates the bill or note as to leave no doubt in the mind of the party, as a reasonable man, what bill or note was intended. (See Daniel on Negotiable Inst., Sec. 974.) Chitty on Bills, 290, says: "There are two requisites to a good notice, viz., a description of the bill, and an intimation that it has been dishonored." In Mills v. Bank of The United States, 11 Wheat, 437, the court says: "The

Rudd, &c., v. Deposit Bank of Owensboro.

objection to the notice is that it does not state that payment was demanded at the bank when the notte became due. It is not necessary that the notice should contain such a formal allegation. It is sufficient that it states the nonpayment of the note, and that the holder looks to the indorser for indemnity." In the case of Young, McDowell & Co. v. Bennett, 7 Bush, 478, this court said: "It is not required that the notice of the dishonor of a bill should be set out in any particular form, nor is the party giving it confined to specific language." It seems to us that the protest and notice of dishonor in each case is a substantial compliance with the requirements of the law. For the reasons indicated, the judgments in both cases are affirmed.

RESPONSE TO PETITION FOR REHEARING BY THE COURT.

In their petition for rehearing appellants insist that this court failed to pass upon the questions of law raised by their general demurrer, and they contend that this demurrer should have been sustained, on the ground that the petition of appellee was fatally defective, in that it failed to properly allege that the indorsers on the bills sued on had been given due notice of their nonpayment at the maturity thereof by the payor; and for the additional reason that the petition of plaintiff failed to plead its charter, as required by subsection 2, section 119 of the Civil Code.

We think it is only necessary, by way of response to the first ground on which the petition for rehearing is based, to call the attention of the appellants to the second paragraph of plaintiff's petition, in which it alleges "that at the maturity of said bill plaintiff caused same to be presented for payment at the place where same was payable,

[29]

and demanded payment thereof, which was refused because of no funds to pay same, whereupon plaintiff immediately, caused said bill to be protested for nonpayment, and at once notified defendants, W. M. Rudd, John Murphy, and J. C. Rudd, of the nonpayment and protest of said bill." It seems to us that this is a clear and specific averment, not only that the bills were protested for nonpayment, but that all the defendants were at once notified thereof. Even if it be conceded that "an inland bill of exchange does not require protest, but does require notice," it is difficult to understand how the mere fact of protest would invalidate the notice of nonpayment which immediately followed the protest. In our opinion, the averments of the petition on this point are sufficient.

As to the second ground of complaint,—that the demurrer should have been sustained because the petition fails to plead plaintiff's charter, as required by subsection 2, section 119, of the Civil Code—it was stated in the original opinion that this question could not be raised by general demurrer. If a plaintiff has not legal capacity to sue, the Code provides that the question shall be raised by special demurrer or answer (see section 92, Civil Code); and, as the right of appellee to maintain this action was not in issue by the pleadings in either mode pointed out by the Code, the question must be considered as waived by appellants. In the recent case of Nichols v. Bardwell Lodge, 20 Ky. Law Rep., 1236 [48 S. W., 1091], this court, after carefully considering this provision of the Code in connection with the provisions of the statutes which requires the several courts of the State to take judicial notice of the acts of the General Assembly, and after reviewing all the adjudications of the courts thereunder, said "that, where private statutes were put in issue, this

court could only take judicial notice of such statutes as were specially plead, as required by subsection 2 of section 119 of the Code, or when it appears from the record that they were relied on as evidence on the trial in the court below." The pleadings in this case do not authorize the consideration of this question by this court on appeal.