CHARLES V. T. FOLEY and JOHN A. FOLEY, Appellants, *v.* AUGUST C. SCHARMANN and FREDERICK M. SCHARMANN, Respondents.

*Action by individuals on an undertaking on appeal given in an action brought against them as executors — a counterclaim arising out of their testator's liability as surety upon an administrator's bond cannot be sustained.*

The executors of a decedent brought an action in their individual names against the sureties upon an undertaking given on an appeal taken in an action brought against them in their representative capacity. The defendants, as a counterclaim, alleged that the plaintiff's testator was a surety upon an administrator's bond; that by a decree of the Surrogate's Court certain costs and disbursements were awarded against the administrator, and that, by the terms of the bond, the plaintiffs, as executors, became jointly liable with the other sureties for the aforesaid sums; that the party, in whose favor the decree was made, had assigned the costs and disbursements to the defendants.

A demurrer interposed to the counterclaim was overruled with leave to the plaintiffs to reply, and on their failure to reply, final judgment was entered for the excess of the alleged counterclaim, with costs against the plaintiffs individually.

*Held,* that the demurrer should have been sustained as the counterclaim pleaded did not arise out of the same transaction set up in the complaint, nor did it set up a cause of action upon which the defendants could recover against the plaintiffs, as individuals, in an independent action.

APPEAL by the plaintiffs, Charles V. T. Foley and another, from an interlocutory judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 31st day of October, 1900, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the plaintiffs' demurrer to the defendants' counterclaim, and also from a final judgment entered in the office of the clerk of the county of New York on the 21st day of November, 1900, upon such interlocutory judgment.

*Edward Goldschmidt*, for the appellants.

*Howard A. Sperry*, for the respondents.

HATCH, J. :

An action was brought against the plaintiffs as executors of Arthur M. Foley, deceased, by one Julius Scharmann. The complaint in that action being dismissed, the defendants entered judgment for costs against Julius Scharmann therein; the latter appealed to the Appellate Division of this department and gave an undertaking therein in which the defendants herein became sureties. The judgment was affirmed (*Scharmann* v. *Schoell*, 38 App. Div. 528), and judgment for costs of appeal was entered against Scharmann, who, having failed to pay the judgment, these plaintiffs, as individuals, brought this action against the defendants upon the undertaking after due notice of the entry of such judgment had been given the defendants. The defendants answered jointly, admitted the averments of the complaint by not interposing any denial thereto, and for an affirmative defense they set up a counterclaim arising out of the following facts : That prior to the commencement of this action, Sophia Blust was duly appointed the administratrix of Gustave Froeschle, and letters of administration were thereupon issued to her; that upon the issuance of such letters said Blust gave a bond, as required by law, in which Frederick Scharmann and Arthur M. Foley became sureties; that thereafter the said Foley died, leaving a last will and testament, which was duly probated and letters testamentary issued to the plaintiffs in this action, and that any liability arising out of the bond given by Blust survived his death and became a liability against his estate in the hands of such executors; that subsequently proceedings were had resulting in a decree of the Surrogate's Court of the city and county of New York against the said Sophia Blust for a sum of money found due and owing from the estate of her intestate, and in such decree costs were awarded in the sum of ninety-three dollars and ten cents; that during the pendency of the proceedings resulting in the decree the surrogate made an order of reference, under which were incurred disbursements amounting to ninety-six dollars and twenty-five cents, and this sum, in the decree, was ordered to be paid by the said Blust as a proper disbursement; that by the

terms of the bond given by the administratrix Blust, the plaintiffs, as executors of the estate of Arthur M. Foley, became jointly liable with the other sureties upon such undertaking for the aforesaid sums, and by the decree Julius Scharmann, a party to the accounting proceeding and in whose favor the decree was made, became thereby entitled to enforce such sums against the plaintiffs as executors of the estate of Arthur M. Foley ; that prior to the commencement of this action the said Julius Scharmann assigned to these defendants the costs and the referee's fees in the proceeding, and they are now the owners and holders thereof and entitled to enforce the same. The answer demands judgment that the complaint be dismissed and that the defendants recover of the plaintiffs, as executors of Arthur M. Foley, deceased, the said several sums with interest thereon, or that they be set off against the claims of the plaintiff and that the defendants recover judgment against the plaintiffs for the difference. To this counterclaim the plaintiffs demurred upon two grounds : *First*, that it was not of the character specified by section 501 of the Code of Civil Procedure; and, *second*, that the counterclaim does not state facts sufficient to constitute a cause of action. The demurrer was overruled, with costs, with leave to the plaintiffs to reply· upon the payment of costs. The latter, however, failed to reply, and final judgment was entered for the excess of the alleged counterclaim with costs against the plaintiffs individually. The present appeal is from such judgment and also from an interlocutory judgment overruling the demurrer.

We think that this demurrer should have been sustained. The counterclaim pleaded does not arise out of the same transaction set up in the complaint, nor does it set up a cause of action upon which the defendants could recover against these plaintiffs as individuals in an independent action. The averment of the answer setting up the counterclaim was against the plaintiffs in their representative capacity as executors of Arthur M. Foley, and constitutes a claim against the estate. Such claim cannot be enforced against the plaintiffs individually upon any ground shown by the defendants in their answer. The defendants when they drew their pleadings, must have been impressed with this view, because the demand for judgment is against the plaintiffs as executors, and the averments of the answer are consistent with such demand. No amendment of

the pleading was made in any respect. The judgment does not follow either the pleading or the demand, as it is entered against the plaintiffs as individuals, and not as executors. No judgment could be entered against them in this action except in their repre- sentative capacity, and as they did not sue as representatives but as individuals, it is clear that the counterclaim is not available against them, for in such capacity no claim exists. The cause of action being admitted upon the pleadings, there was no defense interposed and the plaintiffs should have had judgment.

The interlocutory judgment overruling the demurrer should, therefore, be reversed and the demurrer sustained, and the final judgment should be reversed and final judgment directed for the plaintiff, with costs of this appeal and in the court below.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Interlocutory judgment reversed and demurrer sustained, and final judgment reversed and final judgment directed for plaintiff, with costs in this court and in the court below.