## Catlett v. Shouse's Executor, et al.

(Decided October 2, 1917.)

### Appeal from Anderson Circuit Court.

1. **Appeal and Error—Bill of Exceptions.—No** paper found in the record and not made a part of it by order of court or bill of exceptions will be considered on appeal.

2. **Appeal and Error—Omitted Parts of Record.—When** the transcript as copied shows that there were portions of the record omitted, and the transcript as copied does not manifest the error complained of, it will be presumed that the omitted portions would authorize the judgment.

3.  Judicial Sales—Exceptions—Pleading.—In the absence of plead-
ings the judgment directing the sale, or other parts of the record
showing the appellant to have been interested in the land sold,
or the proceeds to be derived therefrom, and the transcript as filed
failing to show that fact, the order of court overruling the excep-
tions to the sale filed by the appellant will be overruled, upon the
ground that he fails to show such interest as would entitle him
to object to the sale.

J. E. PLUMER for appellant.

LILLARD CARTER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In this case, or in these consolidated cases (we do not
know which from the record), the master commissioner
of Anderson county sold certain lands, which sales it is
claimed were made under a previous judgment of the
court, and after the sale was reported the appellant filed
exceptions thereto, which were overruled, but the sale
does not seem to have been confirmed. From the judg-
ment overruling the exceptions the appellant prosecutes
this appeal.

The schedule filed with the circuit clerk for the pur-
pose of preparing the transcript before us directs that
officer to copy the report of sale, the order filing it, the
exceptions to the sale and the order filing them, the order
overruling the exceptions, the one allowing the writ of
possession, the writ of possession, the supersedeas bond,
the assignment of the bid of the purchasers, and the de-
scription of the first tract of land described in the pe-
tition. No notice was given to any adverse party of the
filing of that schedule.

In obedience thereto, the clerk begins the transcript
by copying a paper which appears to be an advertise-
ment for the sale of land, but whether so we cannot tell
from the record before us, as the paper is not shown to
have been filed under an order of court by an officer or
any other person, nor is it made a part of the record by
a bill of exceptions.

The rule is firmly established that matters appearing
in the transcript but not made a part of the record by
order of court or bill of exceptions cannot be considered
on appeal.  It is a rule of long standing, and without va-
riance.  Young v. Bennett, 7 Bush 476; Commonwealth
v. Pittsburg, Cleveland, Cincinnati & St. Louis Railway
Company, 163 Kentucky 645.

Following the copy of that paper are two reports of sale made by the master commissioner, in one of which the land was appraised at fifteen dollars an acre and was sold for one thousand and fifty dollars, but how many acres are contained in the tract of land sold it is impossible to tell from the description contained in the report of sale, as neither courses nor distances are given in the calls, nor does the description specify the number of acres. In the second report of sale the land was appraised at twenty dollars per acre, and is described as containing one hundred and five acres, and is reported to have sold for one thousand eight hundred and fifty dollars. After the copying of the two reports of sale the exceptions follow, and they are: Because the appellant was not adjudged a lien on the property sold; because the deed upon which the cause of action was founded had not been stamped; because the property did not bring two-thirds of its appraised value; because the land was sold in separate tracts and at two separate sales, and because the advertisement did not specify the amount of the judgment to satisfy which the land was sold.

We are greatly handicapped in considering any of these exceptions, because there is nothing in the record to show how the land was advertised, nor is the judgment ordering it sold copied in the transcript, neither is any pleading in the cause in any manner brought before us.

If there was any evidence heard upon the trial of the exceptions the transcript is silent as to what it was, and if the land was sold under a judgment for the recovery of money we are not made aware of that fact from anything appearing in the record, and beyond all this, if the appellant is anywise interested in the land which the commissioner may have sold, or in the proceeds to be derived from such sale, there is nothing in the record to show it, because, as we have stated, neither the petition, nor any amendment which may have been filed thereto, nor any character of defensive, intervening or cross-pleading is brought to our attention. The only matters appearing in the record, excluding the filing orders of the court, are the two reports of sale referred to, the exceptions thereto, the transfers of bids, the writ of possession, and the supersedeas bond. Clearly, the filing orders shed no light upon the matters to which we have referred, neither does the writ of possession nor the supersedeas bond. Neither the reports of sale nor the exceptions show what, if any, interest the appellant,

who excepted to the sale, has in any of the land or the proceeds thereof. There is therefore nothing from which we can determine the validity of the judgment overruling the exceptions which is questioned by this appeal.

Many questions are discussed by attorneys for both parties, and they go into somewhat of an elaborate history of the litigation, from which we gather that there were several tracts of land involved upon which there were a number of separate liens of different magnitude, but all of this is *de hors* the record, and cannot be considered by us.

Under such circumstances it is the rule to presume that the uncopied parts of the record would have justified the judgment, which we do in this case, and it is therefore affirmed.