**JONES et al. v. JOHNSON.**

No. 8795—Opinion Filed March 5, 1918.

Rehearing Denied March 11, 1919.

(178 Pac. 984.)

(Syllabus)

**Guardian and Ward—Action on Guardian's Attachment Bond.**

Where in an action against E. B. J., guardian, on an attachment bond signed, "E. B. J., Guardian," the plaintiff recovers a judgment against E. B. J., guardian, such judgment constitutes a personal judgment against the guardian, and does not constitute a

charge against the person or estate of the ward.

Error from District Court, Grady County; Will Linn, Judge.

Suit by E. B. Johnson against W. P. Jones and Hodge Bailey, Sheriff of Grady County. Temporary injunction granted, and defendants bring error. Reversed and remanded, with directions.

Riddle & Hammerly, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

KANE, J. This was a suit in equity, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, for the purpose of restraining the issuance of an execution to enforce the payment of a judgment rendered in a certain action, entitled "W. P. Jones v. E. B. Johnson, Guardian, et al." The suit for injunction was submitted to the trial court upon the plaintiff's petition and the sworn answer of the defendants, and after consideration thereof the court granted a temporary injunction, to reverse which this proceeding in error was commenced.

It seems that during the progress of a prior action, wherein James W., Charles B., and Vivian Johnson, minors, by E. J. Johnson, their legal guardian, were plaintiffs, and W. P. Jones and R. M. Johnson were defendants, an order of attachment was issued therein, and that to obtain said order of attachment an attachment bond in the usual form was filed, which was signed by the defendant in error herein as follows: "E. B. Johnson, Guardian, Principal." Upon trial of said first cause of action said attachment was dissolved and judgment rendered in favor of the defendants therein. Thereafter W. P. Jones, one of the defendants in the case last referred to, commenced an action upon said bond which was entitled "W. P. Jones, Plaintiff, v. E. B. Johnson, Guardian, et al., Defendants." In response to the summons issued in said action upon the attachment bond the defendant (defendant in error herein) filed an answer, wherein he alleged that he never at any time entered his appearance in said action in his individual capacity, and that no relief was asked against him individually; that he was not individually or personally liable in said action, and no issue was ever made or tried in said cause as to the individual liability of plaintiff. Upon the issues thus joined in the action on the attachment bond trial was had before a jury which resulted in the following verdict:

"We, the jury, impanelled and sworn in the above-entitled cause, do upon our oaths find for the plaintiff and against the defendant E. B. Johnson, guardian, and fix the amount of his recovery at $2,350."

Upon this verdict judgment was rendered as follows:

"It is therefore considered, ordered, and adjudged by the court that the plaintiff W. P. Jones do recover of and from the defendant, E. B. Johnson, guardian, the sum of $2 350, together with interest thereon from this date at the rate of 6 per cent. per annum until paid, and all costs of suit."

It also appears that prior to answer and before issue joined the said E. B. Johnson, guardian, joining with the other defendants, filed a motion to strike from the petition all that part which sought judgment against him individually and in his personal capacity, and as ground of such motion stated that he was not a party to said action in his individual or personal capacity, for the reason that the attachment bond was not executed in his individual capacity; that the pleadings therein were not so entitled; that no summons in his individual capacity was served upon him, and there was no appearance made by him in his individual capacity. The motion coming on to be heard before the trial court was sustained, and the following order entered:

"It is therefore considered, ordered, and adjudged that all that part of the third amended petition filed herein which reads, 'He further prays that he have judgment against the defendant, E. B. Johnson, on his second cause of action in his official capacity and also personally,' should be, and the same is hereby, stricken from said petition, the said E. B. Johnson not being a party to this suit in his individual personal capacity."

Counsel for plaintiff in error present their one ground for reversal under three subheads as follows: (1) A guardian, as such, has no power to make contracts binding upon his ward or upon his ward's estate, although such contracts be beneficial to the ward, and if such contracts are made by the guardian, they create a personal liability against the guardian; (2) the record is undisputed, and it is in fact admitted that the judgment, the enforcement of which is sought to be restrained followed the pleading and the process, both designating the defendant, E. B. Johnson, guardian, which, under the law, was nothing more than descriptive of the person sued; (3) an obligation signed by a party designating himself as guardian or as administrator or executor and a person sued and designated as administrator or executor upon an obligation signed by him as

such, in either event the obligation creates a personal liability and a judgment rendered upon such obligation wherein the judgment debtor is designated in the judgment as was the plaintiff in the cause complained of, to wit, "E. B. Johnson, guardian," such a judgment is a personal judgment, creating only a personal liability, and not a judgment against him in his official capacity.

Upon the first subhead the prevailing doctrine seems to be that a guardian has no power to make a contract binding upon his ward, or upon his estate, however proper and beneficial the contract may be; but the contracts made by him impose a personal liability upon himself, and his protection from loss lies in his right to charge the expenditures to the ward's estate in his account. 15 A. & E. Enc. of Law, 70. It is also well settled that the addition of an official character to the signature of guardians, executors, etc., in executing written contracts and obligations, has no significance, and operates merely to identify the person, and not to limit or qualify the liability. Schmittler v. Simon, 101 N. Y. 554, 5 N. E. 452, 54 Am. Rep. 737; Perry v. Cunningham, 40 Ark. 185; Duvall v. Craig, 2 Wheat. 45, 4 L. Ed. 180. Applying this principle to the case at bar, it would seem to follow that the attachment bond signed, "E. B. Johnson, Guardian," must be deemed to be his personal obligation. In the action on the attachment bond the defendant in error herein was sued as "E. B. Johnson, guardian," following the form of his signature to the bond; the verdict rendered was also against the defendant "E. B. Johnson, guardian," and the judgment of the court followed the verdict of the jury. In Tobin v. Addison, 33 S. Car. L. Rep. 3, 2 Strob. 3, it was held:

"A judgment against a party, as guardian, is no more than a judgment against him, without the addition, that being only a description personae."

The general rule is stated in 10 Standard Enc. of Procedure. 873, under the head of Guardian and Ward, as follows:

"In a suit on an obligation which is in fact a personal obligation of the guardian or which by law is deemed to be his obligation, the judgment should be against the guardian personally and not against the ward's estate, and should provide for the issuance of execution, rather than payment out of the ward's estate in due course of administration. The judgment should be in accordance with the allegations in the petition or complaint, and should follow the process and conform to the verdict of the jury in conformity to the general rules."

We are unable to perceive how the action of the trial court in striking from the petition of the plaintiff certain parts thereof, on the ground that E. B. Johnson was not a party to this suit in his individual or personal capacity, can possibly affect the personal judgment subsequently entered against him. The judgment rendered was in accordance with the allegations in the petition, followed the process, and conformed to the verdict of the jury, and therefore it must be held to constitute a personal judgment against E. B. Johnson as a matter of law. Such judgment in no circumstances can be held to constitute a charge against the person or estate of the ward. Tobin v. Addison, supra; Municipal Court, etc., v. La Valley et al., 25 R. I. 236, 55 Atl. 640.

We are unable to agree with counsel for defendant in error that the case at bar is governed by the rule announced in the cases cited in their brief, to wit: Foley et al. v. Scharmann, 58 App. Div. 250, 68 N. Y. Supp. 771; Rudd et al. v. Deposit Bank, 105 Ky. 443, 49 S. W. 207, 971; Landon et al. v. Townsend et al., 112 N. Y. 93, 19 N. E. 424, 8 Am. St. Rep. 712; Pryor v. Krause et al., (Tex.) 168 S. W. 498.

In the first of these cases, Foley et al. v. Scharmann, the plaintiffs brought suit as individuals upon an undertaking which was made in a representative capacity, and the court held that the counterclaim pleaded did not arise out of the same transaction, and that the demurrer thereto should have been sustained. No fault can be found with the rule laid down, but we are unable to perceive how it is applicable to the case at bar. In Rudd et al. v. Deposit Bank, supra, the relation of principal and agent was involved. In the case of Taylor v. Mayo, 110 U. S. 333, 4 Sup. Ct. 150, 28 L. Ed. 163, the distinction between a trustee and an agent is clearly pointed out as follows:

"A trustee is not an agent. An agent represents and acts for his principal, who may be either a natural or artificial person. A trustee may be defined generally as a person in whom some estate, interest, or power in or affecting property is vested for the benefit of another. When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound no one is bound for he has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such. The mere use by the promisor of the name of trustee or any other name of office or employment will not discharge him. Of course, when a trustee acts in good faith for the benefit of the trust, he is entitled to indemnify himself for his engagements out of the estate in his hands, and for this purpose a credit for his expenditures will be allowed in his accounts by the court having jurisdiction thereof. If a trustee contracting for the benefit of a trust wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, but that the other party is to look solely to the trust estate. * * * In this case the contract is the personal contract of the plaintiffs in error. * * * The designation of the plaintiffs in error as trustees in the contract and in the pleadings was merely descriptive of their persons. The contract was their personal undertaking. It is true it was their promise to pay the claim of Davis out of the trust funds. But this was simply a limitation upon the contract; it was none the less their personal obligation. They personally undertook to pay a conceded balance due to Davis, whenever there should be a certain surplus of trust funds in their hands sufficient for that purpose and they are personally liable for the breach of their undertaking."

The other case cited seems to us to be no more in point.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

All the Justices concur.