# CHARLESTON.

MARY STEWART *v.* E. M. SENTER *et als.*

Submitted March 1, 1921.   Decided March 8, 1921.

1. JUDGMENT—*Judgment Against Defendant in Singular Valid Against All Ascertainable Defendants if Clearly so Intended.*

   A judgment expressed to be against the "defendant", where it is clear from the context and the other parts of the record that "defendants" is intended, will be considered and treated as a valid judgment against all of the defendants if they can be ascertained without ambiguity from the caption of the judgment, aided by other parts of the record. The omission of the letter "s" from the word defendant in such instance will be treated as a clerical error. (p. 127).

2. SAME—*Judgment Cannot be Declared Void in Suit to Enforce on Grounds Which Might Have Been Asserted in Judgment Action.*

   In a chancery suit to enforce the lien of a judgment against real estate of the judgment debtor, the judgment cannot be attacked and declared void upon grounds which might have been successfully asserted in the law court upon the trial, unless the judgment debtor alleges and proves some reason founded in fraud, accident, surprise or some other adventitious circumstance beyond his control, why the defense at law was not made. (p. 129).

3.   SAME—*Abstract of Judgment Alone Insufficient to Prove Judgment if Controverted.*

An abstract of a judgment exhibited with a bill in equity to enforce the judgment is not sufficient to prove the judgment if controverted, but if the judgment in full is brought into the case by some other pleading the necessity of proof thereof is obviated.   (p. 130).

Appeal from Circuit Court, Wyoming County.

Suit by Mary Stewart against E. M. Senter and others. Decree for defendants on demurrer, and plaintiff appeals.

*Reversed and remanded.*

*F. E. Shannon,* for appellant.

*E. W. Worrell,* for appellees.

LIVELY, JUDGE:

This appeal brings up for review a decree of the Circuit Court of Wyoming County entered the 22nd day of August, 1919, which sustained a demurrer to and dismissed the plaintiff's bill.

A. M. Stewart died testate in 1910 and shortly afterwards his son, B. Harry E. Stewart, qualified as his executor with E. M. Senter, J. M. Glenn and G. P. Stewart as sureties on his bond. Afterwards, in 1913, B. Harry E. Stewart died without having settled his accounts as executor of his father's estate, and J. M. Glenn was appointed administrator *de bonis non* of A. M. Stewart's estate and administrator of B. Harry E. Stewart's estate. Mary Stewart, the plaintiff, was a daughter and one of the heirs and distributees of A. M. Stewart. She filed her declaration in the Circuit Court of Wyoming County at April rules, 1918, against J. M. Glenn as administrator of B. Harry E. Stewart, E. M. Senter, J. M. Glenn in his own right and George P. Stewart, alleging the death of A. M. Stewart, the appointment of B. Harry E. Stewart as his executor with the other defendants as sureties, the subsequent death of B. Harry E. Stewart and the appointment and qualification of J. M. Glenn as administrator *de bonis non* of A. M. Stewart. The declaration does not specifically aver that J. M. Glenn was appointed as ad-

ministrator of B. Harry E. Stewart, but it does so inferentially. A devastavit was charged with consequential damages to the plaintiff of $1000.00. On August 21, 1918, a default judgment was entered against the defendants for $550.-97 and costs, and afterwards on December 31, 1918, an abstract of the judgment was recorded in the judgment lien docket. An execution was issued and returned *nulla bona* on October 7, 1918. This suit in equity was instituted and the bill filed at January rules, 1918, against the defendants, J. M. Glenn, E. M. Senter, George P. Stewart and Georgia Glenn, for the purpose of enforcing this judgment against certain real estate owned by E. M. Senter and J. M. Glenn. Each of the defendants, with the exception of J. M. Glenn, demurred to and answered the bill. They admit the rendition of the judgment, (which they charge is invalid), and the issuance and return of the execution. They ask for affirmative relief and charge that the judgment sought to be enforced by the bill is null and void for reasons hereinafter mentioned, and pray for an injunction against the plaintiff to prevent her from proceeding further in the collection of her purported judgment. To these answers the plaintiff demurred and filed a special replication. Afterwards an amended bill was filed, making J. M. Glenn, as administrator of the estate of B. Harry E. Stewart, a party. On August 22, 1919, the court heard the cause upon the bill and exhibits, separate answers in the nature of a cross-bill, the demurrers to the bill and the demurrer and replication to the answers, and came to the conclusion that the demurrer to the bill should be sustained, and dismissed the plaintiff's bill, giving as a reason therefor that the judgment sought to be enforced did not in the body of the order contain the names of the defendants.

The appellant insists that the circuit court erred in so holding, and that her judgment is not void for uncertainty. The judgment is as follows:

"THE STATE OF WEST VIRGINIA, which *dues* for the use and benefit of

Mary Stewart,

   v.    )   IN DEBT.  ORDER.

J. M. Glenn, as Administrator of B. Harry E. Stewart, deceased, E. M. Senter, J. M. Glenn, in his own right, and George P. Stewart.

"This day came the plaintiff by its attorney, and the defendants, who were duly summoned, being thrice solemnly called, came not; it is, therefore, considered by the Court that the judgment entered in the Clerk's office of this Court against the said defendants, stand confirmed. No jury being required by the plaintiff, the Court proceeded, in lieu thereof, to ascertain the amount that the plaintiff is entitled to recover against the defendants in this action, and having heard and considered the evidence, doth consider that the plaintiff recover, for the use and benefit of the said Mary Stewart, against the defendant, the sum of $550.97 damages, aggregate amount of principal and interest to this date, with interest on said sum until paid, and its costs by it in its suit in this behalf expended, including $10.00 attorney's fee."

There is nothing uncertain about this judgment except the uncertainty suggested by the lower court to the effect that it did not contain the names of the defendants. This was not necessary. It is perhaps better form to name the persons against whom the judgment is rendered, in the order or decree; however, other parts of the record may be inspected for the purpose of relieving a judgment of any real or apparent obscurity. *Clay* v. *Hildebrand,* 34 Kan. 694; *Fowler* v. *Doyle,* 16 Iowa 534; *Fleenor* v. *Driskill,* 97 Ind. 27; *Walker's Ex.* v. *Page,* 21 Gratt. 636; Black on Judgments (2nd Ed.) sec. 123. Numerous authorities hold that a judgment against the "defendant", will be sufficient if the names of the defendants can be ascertained without ambiguity from other parts of the record. Black on Judgments (2nd Ed.) sec. 116, and authorities there cited. It is well settled that a judgment against the "defendant" is not defective for un-

certainty where the record discloses that it is in fact a judgment against two defendants.   *Roach* ·v. *Blakely,* 89 Va. 867.   These decisions are based on reason and sound policy. All of the parties defendant are named in the caption of the judgment order, and the "defendants" were solemnly called, and came not, and the office judgment was confirmed. The court, in lieu of a jury, ascertained the amount the plaintiff was entitled to recover from the "defendants", and then the recovery is made against the "defendant".   It is apparent from the face of the order that the omission of the letter "s" from the word "defendant" is a clerical error.   It is not necessary to look to the other parts of the record to ascertain against whom this judgment was rendered.   But if we look to the summons, the declaration and the execution no doubt can remain.   "Where a judgment gives the style of the cause, at its head, with sufficient definiteness to show without doubt that the plaintiffs and defendants referred to therein as such are the same individuals that are named and designated as· such in the declaration, and throughout the proceedings composing the record in the cause, such judgment is not void for vagueness or indefiniteness if it fails, in its body, to give the names of the plaintiffs and defendants for and against whom it is rendered."   15 R. C. L. p. 597.

Defendants assert that the judgment is null and void; (1) because the declaration does not show that any specific sum of money went into the hands of B. Harry E. Stewart as executor of A. M. Stewart; (2) because plaintiff did not recover a judgment against J. M. Glenn as administrator of B. Harry E. Stewart before instituting the suit against defendants; (3) because on the trial no evidence was offered showing a devastavit of the estate of A. M. Stewart by his executor B. Harry E. Stewart.   These are all defenses to the action which resulted in the judgment.   They come too late after judgment.   We cannot open that law proceeding now to hear matters, which, had they been interposed, would possibly have prevented the judgment from being rendered. The law court had jurisdiction of the subject matter and of

the parties. All were served with process, and all stood by and permitted a judgment by default. If there was a defect in the declaration it is too late to point it out now. If the suit was instituted prematurely, before something else should have been done, some other suit instituted, or some other judgment rendered, that was a matter· of defense, and it comes too late in this proceeding. The same is true of the assertion that the judgment was not founded on proper evidence, or that evidence was lacking. No fraud, accident, surprise, or extraordinary condition or circumstance is alleged or relied upon to set aside the judgment.

The law is so firmly settled that a judgment of a court of competent jurisdiction, so long as it stands in full force and unreversed, cannot be impeached in any collateral proceeding on account of errors or irregularities not going to the jurisdiction, that it· would be cumbering the reports to cite authorities or reiterate the reasons on which the law is based. It is equally well settled that a judgment is .not void, or open to a collateral attack, because it is based upon an erroneous application of legal principles, or insufficient evidence, or the remedy selected was one not properly admitting the relief granted in the judgment or decree. *Insley* v. *United States*, 150 U. S. 512; *Hendrick* v. *Whittemore*, 105 Mass. 23.

The defendants by answer in the nature of a cross-bill set up these defenses and pray for an injunction against . the assertion of the judgment. The demurrer to this portion of the answers asking for affirmative relief was well taken and should have been. sustained. "In a suit in equity, brought for the purpose of enforcing a judgment-lien, which judgment was obtained against the defendant by default, the defendant will not be allowed to make any defence against said judgment which might have been successfully made in a Court of law, unless he shows some reason founded on fraud, . accident, surprise or some adventitious circumstance beyond his control, why the defence at law was not made." *Mc-Neel's Ex'rs.* v. *Auldridge*, 34 W. Va. 748. Where defenses, which were available at law are set up in equity as grounds

for relief against a judgment they cannot be considered. *Harnsbarger* v. *Kinney,* 13 Gratt. 511; *Allen* v. *Hamilton,* 9 Gratt. 255. Where defense at law was prevented because of acts or representations of the plaintiff, or the result of fraud, accident, surprise or other adventitious circumstance beyond the control of the party complaining, equity will give relief. *Shields* v. *McClung,* 6 W. Va. 79; *Smith* v. *McLain,* 11 W. Va. 654; *Iron Co.* v. *Quesenberry,* 50 W. Va. 451. There is nothing of this character even intimated in the answers.

Appellees insist that the judgment is null and void because they are joined as defendants with J. M. Glenn as administrator of B. Harry E. Stewart, deceased, and that the judgment against J. M. Glenn as administrator etc. is a personal judgment against Glenn, under the authority of *Thompson and Lively* v. *Mann,* 53 W. Va. 432; and *Hall* v. *McGregor,* 65 W. Va. 74, and hence as there was no privity of contract between Glenn as an individual and themselves, they are not liable and the judgment against them is void for that reason. The judgment is not against Glenn as administrator to be levied on the goods and chattels of his decedent, and no doubt is a personal judgment against him. It is possibly erroneous, but it will bind him individually as well as the other defendants. The judgment is against him in his own right, and he cannot now complain, and is not complaining. If there was an improper joinder of parties, that defense should have been made before judgment.

The bill exhibits a transcript of the judgment taken from the judgment lien docket to prove the judgment. This did not prove the judgment. *Dickinson* v. *Railroad,* 7 W. Va. 390. But the defendant, Senter, brought into the record the full judgment, as an exhibit, and the court heard the cause on all the papers and proceedings. We think this supplied the necessary proof of judgment.

The decree of August 22, 1919, sustaining the demurrer to the bill is reversed, and the cause remanded.

*Reversed and remanded.*