OPINION
By WASHBURN, PJ.
The attorneys presenting the questions to be decided by the court in this case-had no connection whatever with the litigation until after the present appeal had been perfected, and the appeal is. ®n questions of law.
The members of this court are familiar with this litigation, and-, we feel that the circumstances are-such that, in disposing of the present appeal, this court is not sailed upon to attempt to state with accuracy and particularity the various dates and matters of fact which are involved, but that a general statement is all that is; necessary.
Alvin C. McKnight and the D.. W. Kaufman Realty Co. were the-equitable owners of a subdivision.comprising a number of lots, the-legal title to which was in the predecessor of the First-Central Trust Co., and is now in the First-Central Trust Co., and was encumbered by a large mortgage, by the terms of which lots sold could be released from the operation of the mortgage by the payment of-certain amounts, provided the-amount paid in each case for the-one-half equitable interest of Me-Knight was sufficient to release the lot so sold from said mortgage,, in accordance with its terms.
Charles H. and Mildred J. Silver, husband and wife, claiming to-have purchased from McKnight; one of such lots, and having paid.thereon certain sums of money, brought an action in the Court of. *580 Common Pleas for specific performance. Only McKnight was made a party defendant in the action (none of the other parties to the instant action having been made parties in that action), and it was tried in the Common Pleas Court as though McKnight was the sole owner of the premises and the possessor of the legal title.
McKnight denied the claimed sale of the lot to the Silvers, and alleged that the transaction between them was a mere lease of the lot in question.
On that controlling issue the Common Pleas Court found in favor of McKnight.
The Silvers then prosecuted an appeal on questions of law and fact to this court, and upon a hearing in this court the condition of said title, and the alleged intersts in the promises of various persons and firms in addition to the parties then before the court, were for the first time brought to light.
This court thereupon required that such others be made addititional parties defendant and that they set forth their respective interests in the controversy. Those requirements were complied with; and no issue was made in reference to any of the claims of such additional parties.
Thereafter the case again came on for trial in this court, the Silvers then being represented by an attorney other than the ones who-had originally started the suit. From the pleadings and admissions of counsel at that hearing, it appeared that no specific performance could be granted unless at least a much larger amount than the sale price of the interest of McKnight in said lot was paid on said mortgage, but the Silvers were unable or unwilling to make any such payment as a predicate for specific performance; and when the court intimated that, as matters were, no' specific performance could be granted, counsel for the Silvers asked permission to dismiss the petition without prejudice, and, no objection being made thereto, that was done.
Thereafter the Silvers, being' represented by the same attorney who had last represented them in the Court of Appeals, but not by counsel now representing them, filed another suit for specific performance in the Court of Common Pleas, making parties all those interested in the controversy and the pleading's and issues in that case were in all essential particulars the same as they were at the time of the disposition of the first case in the Court of Appeals, except that, in addition, the claim was made on behalf of McKnight that the former judgment of the Common Pleas Court in his favor was res ad judicata.
The record, including the evidence and pleadings in the Common Pleas Court in the first trial in that court, was introduced in evidence in this action in the trial court, and was considered by that court; and there was also introduced and considered in the trial of this case in the Common Pleas Court, the orders of this court and the pleadings filed therein in the first action in this court, as well as statements by counsel as to what occurred in this court at the time the petition was dismissed without prejudice.
In disposing of the case, the Common Pleas Court entered the following judgment:
“This cause came on for hearing on the 10th day of January, 1940, upon the pleadings and the evidence, and the court being fully advised in the premises, and all the parties of this action having been before the court, said court *581 finds that the defendants in this action have properly filed their answers, and plaintiffs being in default for reply, confess the defendants’ answers to be true, and that plaintiffs’ petition herein should be dismissed.
“It is, therefore, ordered, adjudged and decreed that plaintiffs’ petition be, and the same hereby is, dismissed at plaintiffs’ costs.”
One error complained of is the refusal of the trial court to permit tthe Silvers to reply to the part of (the answer of McKnight which set up the defense of res ad judicata.
The record does not show a specific refusal on the part of the trial court, and it further shows that the entire record of the former trial in the Court of Common Pleas and the trial on appeal in the Court of Appeals was introduced and considered by the court, and that no evidence was offered attempting in any way to change, modify or explain said record. Under the circumstances shown by this ease, there was no prejudicial error in reference to the filing of a reply.
It is next claimed that the Common Pleas Court was “in error in holding that the dismissal of the petition without prejudice in the first case amounted to a dismissal of the appeal, and that the judgment in the first case was res adjudieata.”
Here, too, the record does not disclose that such a holding was the basis of the judgment of the Common Pleas Court now under review. As has been set forth, the judgment of the court conclusively establishes that the case was heard “upon the pleadings and the evidence,” and that the court “ordered, adjudged and decreed that the plaintiffs’ petition be, and the same hereby is, dismissed at plaintiffs’ costs.” (Emphasis ours.)
The record was such that a court could not have properly decreed specific performance, and it was not error for the court to dismiss the petition for that reason.
We find no occasion to discuss the very interesting question presented relating to the matter of res adjudicata.
Judgment affirmed.
DOYLE, J., & STEVENS, J., concur.