**W. S. KINCADE, Appellant,**

v.

**JEFFERY–DE WITT INSULATOR CORPORATION, Appellee.**

No. 15992.

United States Court of Appeals
Fifth Circuit.

March 21, 1957.

Rehearing Denied June 14, 1957.

James T. Kendall, Jackson, Miss., William H. Maynard, Clarksdale, Miss., for appellant, Gordon & Kendall, Jackson, Miss., Maynard, Fitzgerald & Maynard, Clarksdale, Miss., of counsel.

E. Cage Brewer, Jr., Clarksdale, Miss., Albert Williams and Paul Green, Nashville, Tenn., for appellee, Brewer & Brewer, Clarksdale, Miss., Williams, Harwell, Howser & Thomas, Nashville, Tenn., of counsel.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal tests for error: the findings of fact and law that the appellant, defendant below, was a party to and was bound by, the judgment,[1] on which plaintiff sued; and the judgment entered pursuant to those findings, that plaintiff recover of defendant the amount sued for.

Correctly stating the issues [2] involved

1. Entered May 6, 1955, in the Chancery Court for Davidson County, Tennessee, for $23,521.16, with interest from Aug. 22, 1950, it recited:

"This cause came on to be heard before Honorable Thomas A. Shiver, Chancellor, upon the original bill of complaint, the answer and cross-bill of the defendants named in the original bill and the answer and cross-bill of such defendants together with W. S. Kincade, Eva D. Kincade, and Robert P. Kincade answering as partners in the Delta-Smith Company, a partnership, the answer to said cross-bills, the amendment to the original bill, the order allowing defendants' answers to be treated as answers to the original bill as amended, the supplemental answer of the defendants to the original bill as amended, the exhibits to the original bill and to the original bill as amended, the depositions taken and filed by the respective parties together with the exhibits thereto, the stipulation of parties, the whole record in the cause, and arguments of counsel;"

It then found that the allegations of plaintiff's bill were, and the allegations of the cross-bills were not, sustained by the proof, and that complainant sold and delivered merchandise in the amount adjudged to defendants and cross-complainants and had not been paid therefor.

Based on said findings, the judgment ordered that complainant have and recover of the defendants and cross-complainants, and each of them, the sum adjudged; and recited that all the defendants and cross-complainants excepted and prayed an appeal therefrom.

2. "There is little, if any, dispute about the facts of this case and the decision of the case will turn largely upon the record of the proceedings in the Chancery Court of Davidson County, Tennessee, wherein the appellee obtained the purported judgment against the appellant

in the appeal and as correctly summariz- ing the undisputed facts,[3] appellant is

and upon the oral testimony of the appellant in the court below. The principal question presented was whether the Tennessee judgment awards or purports to award the appellee a judgment against the appellant and, if so, whether such said Tennessee judgment is valid insofar as it purports to award the appellee a recovery against the appellant."

3. These, as shown by the oral testimony of appellant and others and the exhibits are:

Prior to 1950, the appellant, Eva Kincade (his wife) and Robert P. Kincade (his brother), all residents of Coahoma County, Mississippi, constituted a partnership doing business as Delta Construction Company, engaged in constructing power lines. At the same time, H. E. Smith, Jr., W. B. Smith and K. A. Smith, all residents of Davidson County, Tennessee, constituted a partnership, doing business as Smith Construction Company engaged also in constructing power lines.

The members of these two partnerships combined in a joint venture known as Delta-Smith Company, organized solely for the purpose of constructing power lines in two projects, one in North Dakota and one in Wisconsin. There was no relationship or connection between the Delta Construction Company and the Smith Construction Company or the Delta-Smith Company, except that the partners in the Delta Construction Company and the partners in the Smith Construction Company were members of and participants in the joint venture known as Delta-Smith Company. The books, records and activities of the Delta Construction Company were entirely separate and distinct from those of the Delta-Smith Company. Neither the Delta Construction Company nor the Delta-Smith Company ever did any business or had any contracts or property in the State of Tennessee.

*In the course of its activities, the joint venture known as Delta-Smith Company had certain transactions with the appellee. It was these transactions which resulted in the filing of the action by appellee in the Chancery Court of Davidson County, Tennessee.*

Appellant's Exhibit "A" was the original bill filed by the appellee in the Chancery Court of Davidson County, Tennessee, on Aug. 22, 1950. The only designation therein of the defendants in said cause appears in the caption to said bill, as follows:

"Jeffrey-DeWitt Insulator Corporation, a West Virginia Corporation, whose principal office is kept at Kenova, Wayne County, West Virginia, Complainant,

VS.

"H. E. Smith, Jr., W. B. Smith and K. A. Smith, individually and doing business under the names of Smith Construction Co., and, in conjunction with other, as Delta-Smith Company, residents of Davidson County, Tennessee, Defendants."

Paragraph 1 of said bill reads as follows:

"That the names and residences of the parties hereto are as named and stated in the caption hereof."

The prayer sought "a decree against said defendants for the sum of Twenty-eight Thousand Five Hundred Seventeen and 88/100 Dollars ($28,517.88) with interest thereon."

No process was issued or served upon the appellant in the proceedings in the Tennessee court. Nor was the original bill filed in the Tennessee court amended so as to name the appellant as a party defendant.

There was filed in the Tennessee court an answer and supplemental answer of H. E. Smith, Jr., W. B. Smith and Kenneth A. Smith, individually, and as partners in Smith Construction Company, in which they denied individual liability. Also there was filed in said cause an answer and cross-bill in the name of Smith Construction Company and Delta Construction Company acting as co-adventurers under the name of Delta-Smith Company. In the body of this answer and cross-bill it was stated that H. E. Smith, Jr., W. B. Smith and Kenneth A. Smith, partners doing business under the partnership name of Smith Construction Company, together with Eva D. Kincade, Robert P. Kincade, and appellant, doing business under the partnership name of Delta Construction Company, had entered into a joint venture under the name of Delta-Smith Company, out of which venture the alleged indebtedness sued for arose.

While this answer and cross-bill was signed only by H. E. Smith, Jr., it was filed by the counsel for the Delta-Smith Co., to whom appellant in his deposition referred as "our counsel", and while he stated that he had never authorized anyone to do anything for him in the way of entering the appearance which was entered in his behalf, or including him in the answer and cross-bill which was filed, he also stated that he had not only testified in his own behalf but had produced other witnesses who testified for

here presenting his argument under four heads.[4] Pointing out that neither the bill of complaint nor the judgment sued on names him as a party, appellant insists that the judgment does not purport to, and therefore does not, award a personal judgment against him. In the alternative, he urges that if it does purport to do so, it is a nullity because, (1) it went wholly beyond the issues made in the pleadings; (2) it is void for uncertainty and ambiguity; and (3) under the undisputed evidence, while appellant was a witness for the defendant in the suit, he was not and never became a party to it.

 The appellee, joining issue with appellant's contentions, insists that, upon the undisputed facts, the decree does purport to, and does in law, award against defendant a binding personal judgment. Pointing out that appellant's defense of an action to enforce the judgment constitutes a collateral attack upon it, and it is therefore governed by the general rules[5] relating to

him and had furnished his counsel with information to draw the answer and cross-bill.

Questioned, "I will ask you if, when you discussed this case with your counsel, if both you and Mr. Smith made a full and complete disclosure of all the facts known to you on the facts you are now testifying to?", he answered, "Yes, Sir".

In answer to the question, "What was your interest in that litigation?", he testified, "I wanted to see the Smiths win the lawsuit.", because if they lost it he expected them to look to him for contributions.

Asked, "What part did you take in the lawsuit?", he stated, "I testified in it and I furnished all the records they had. In fact, we were keeping the books for Delta-Smith Co. at that time, and at the time of the lawsuit I furnished all the records I could."

He also made it clear that he knew all about the issues involved in the lawsuit on the answer and cross-bill and discussed the case with his counsel and made a full and complete disclosure of all the facts known to him, that he knew, that his counsel was arguing the case for Delta-Smith Company and that he would have had to share part of the loss of the claim against Delta-Smith and would have claimed part of the cross-bill of some $11,000 if it had been recovered.

He further testified that long before the judgment was entered he knew that his name appeared in the answer and cross-bill and that he made no effort to withdraw it therefrom.

4. "A. The Judgment of the Tennessee Court Against Appellant Is Void As Appellant Was Not a Party to the Suit in which That Judgment Was Rendered.

"B. The Judgment of the Tennessee Court Went Wholly Beyond the Issues Made in the Pleadings and Is a Nullity Insofar As Appellant Is Concerned.

"C. The Tennessee Decree Does Not Purport to Award a Judgment Against Appellant, or If It Does, It Is Void for Uncertainty and Ambiguity.

"D. Appellant Never Became a Party to the Tennessee Suit."

5. A judgment in terms against "the defendants" without particularly naming them, "in legal effect, is a valid judgment against all who are regularly defendants to the suit; and who are such, is a matter to be ascertained by reference to the process, pleadings and proceedings in the suit".

Wilson v. Nance, 30 Tenn. 189 (quoted); 49 C.J.S., Judgments, § 33, p. 75, 30 Am. Jur. (Judgments), Sec. 22.

The style of the cause and the docket number under which it is filed together with the pleadings found thereunder may be regarded to explain the judgment's reference to the parties otherwise than by name and determine the capacity in which liability is adjudged against them.

30 Am.Jur. (Judgments) Secs. 22 and 23; Stewart v. Senter, 88 W.Va. 124, 106 S.E. 443; Jones v. Johnson, 72 Okl. 134, 178 P. 984; Annotation, 21 A.L.R. 908.

Since a partnership in Tennessee is not generally sui juris, but "all partners are liable jointly and severally for everything chargeable to the partnership", a judgment against persons operating as partners is either effective against the individual partners or is entirely nugatory.

Barnes v. Fort, 181 Tenn. 522, 181 S.W. 2d 881; Holmes v. Moon, 54 Tenn. 506; T.C.A. § 61–114.

A joint venture is similar to a partnership and is governed by the same rules.

Pritchett v. Thomas Plater Co., 144 Tenn. 406, 232 S.W. 961.

Ambiguous judgments should be construed so as to give effect to all parts thereof, if possible, and to effectuate the purpose of the Court if it can be ascertained.

such attacks, Freeman on Judgments, Sec. 310; Black v. Woodruff, 193 Ala. 327, 69 So. 97, Ann.Cas.1918C, 969, appellee insists that, under the undisputed facts, including the testimony of appellant, the court had jurisdiction, of the subject matter of the suit, the debt to the plaintiff, of the partnership, Delta-Smith Co., and of the person of the defendant, an active member of that partnership.

◼ We agree with the appellee that defendant became a party to the action, not only formally by reason of the answer and cross-bill filed by his counsel, but in substance and actuality by reason of defendant's personal, active, and open participation in the cause as defendant and cross-plaintiff, and his failure to promptly disavow the activities conducted by his associates and his counsel in his behalf.

◼ Pointing to the undisputed facts as shown by appellant's own testimony, that, as defendant and cross-plaintiff in the Tennessee action, he was active in it, expecting "to have to pay a part of the judgment if it was recovered and to get part of the proceeds from the cross-bill if it was recovered", the district judge correctly declared:

"He was then under every obligation, legal and otherwise, if this was not his position in this lawsuit, and it came to his knowledge that was what was happening, to state frankly to the Court he had not authorized counsel to file such a proceeding and was not responsible for it. He didn't do that. He went ahead

and tried the lawsuit with his pleadings there, with his knowledge that the pleadings were there, and thus undertook to defeat recovery on the part of the original plaintiff, and undertook to assist in the recovery from which he would have benefited in the sum of eleven thousand dollars.

"It seems to me that the entire proposition puts him voluntarily in the law-suit for all purposes for which the lawsuit was filed. It is true he was not directly named as a party in the beginning, but it was clearly stated in the pleadings that the Smiths were not the only parties who were there, and it seems to me his acts were simply to come in and say, 'I'm one of the parties not named, I claim the benefit of the cross-bill, and I desire to join in and seek to defeat the judgment.'

"In my judgment, that made him a party for all purposes to the lawsuit, and I think he is bound by the judgment."

In so stating and declaring, he merely gave effect to established principles, indeed hornbook law. Black on Judgments, Sec. 541; Freeman on Judgments, Sec. 431; 30 C.J.S. Equity, § 140, p. 571. One who comes into court seeking relief against the plaintiff by cross-bill or counter claim and actively presses his claim thereby invokes the court's jurisdiction in the case so that he cannot thereafter question the authority of the court to pass upon all questions raised between himself and his adversary. 3 Am. Jur., "Appearances" Sec. 11; Merchants'

---

Freeman on Judgments, Sec. 69; 49 C.J.S., Judgments, § 436, p. 867; Union Pac. R. Co. v. Mason City & Fort Dodge R. Co., 222 U.S. 237, 32 S.Ct. 86, 56 L. Ed. 180; Silver v. McKnight, OhioApp., 49 N.E.2d 89; Catanzaritti v. Bianco, 131 Pa.Super. 207, 198 A. 806.

All presumptions are in favor of the propriety and effectiveness of a judgment, nothing will be presumed to restrict its operation.

49 C.J.S., Judgments, § 436, p. 866; Texas Co. v. Marlin, 5 Cir., 109 F.2d 305.

The fact that a pleading is not amend-

ed when an amendment should have been made, is but a formal defect which, in the absence of exception, is cured by verdict.

Liverpool & London & Globe Ins. Co. v. Gunther, 116 U.S. 113, 6 S.Ct. 306, 29 L.Ed. 575; Corson v. Hunt, 14 Pa. 510, 53 Am.Dec. 568; Eakin v. Burger, 33 Tenn. 417, 418; McBee v. Petty, 43 Tenn. 178; Shelby County v. Bickford, 102 Tenn. 395, 52 S.W. 772; Chambers v. Anderson, 6 Cir., 58 F.2d 151, 152; Jordan v. Jordan, 145 Tenn. 378, 239 S.W. 423.

Heat & Light Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L. Ed. 488; Freeman on Judgments, Sec. 320.

While under defendant's testimony and the finding of the court, it cannot be here contended that he did not know of, and was not a party to, the actions of his counsel in defending and prosecuting the suit on his behalf, even if it could be contended that they began without his knowledge, it was his duty, as soon as he learned of them, to promptly disaffirm the actions or be estopped thereby.

As appellee, in its brief points out, "The equities of the present case make in themselves a strong argument for the reasonableness and justice of the rule invoked by appellee and applied by the district judges."

The appellant was no victim of a judgment by default or a judgment in a partially litigated proceeding. As shown by the exhibits, the case was thoroughly prepared on behalf of all parties, carefully tried, and ably presented to the chancellor. The appellee, as defendant and cross complainant in the suit, appeared by counsel and present in person while the proof by deposition was being taken. He asserted and assumed the position of defendant and likewise asserted his own claim against appellee. He undertook to prove it by numerous witnesses and raised no question indicating an unwillingness to submit to the jurisdiction. Able counsel argued his case before the chancellor who, after due consideration, delivered judgment. Only after appellant was cast did it occur to him to question the jurisdiction of the chancellor over the issues raised between him and his adversary or over the parties.

That part of the record in the Chancery Court which has been put in evidence here contradicts appellant's present assertion that he did not know he was a litigant in the original proceeding. It is not contended that those who represented him in Tennessee were not able and conscientious practitioners. Indeed his counsel stated, upon the record that the firm of Crouch, Manier & White, which represented appellee, is "as reputable a firm as there is in the United States, and that each member of that firm is a capable A–1 lawyer".

The judgment was right. It is affirmed.